IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN MURPHY, M04196, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JORDEN SPARLING, | ) |
| C/O WHITE, | ) |
| C/O BROOKS, | )   Case No. 21-cv-362-DWD |
| JOSHUA A. SCHOENBECK, | ) |
| TERRENCE T. JACKSON, | ) |
| ANTHONY D. WILLS, | ) |
| ROB JEFFREYS. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff Steven Murphy's Motion to Reconsider the dismissal of his pro se civil rights action under 42 U.S.C. § 1983 for failure to state a claim. Plaintiff argues that his Fourteenth Amendment due process claim about disciplinary proceedings should not have been dismissed because he was not allowed to present an inmate-witness at the proceedings that he alleges would have absolved him of the alleged rule violation. In support Plaintiff tenders his own affidavit, and an affidavit from said inmate-witness. Plaintiff's Motion to Reconsider is denied because he does not identify an error that warrants relief.

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 59(e) allows a court to alter or amend a judgment if the party files the

motion "no later than 28 days after the entry of the judgment." "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" *Bilek v. Am. Home Mortg. Servicing*, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de *Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1986)).

Rule 60(b) is available where a movant files within a "reasonable about of time" after final order and judgment. Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983) (internal quotations and citation omitted). Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. FED. R. CIV. PROC. 60(b). Rule 60(b) does not allow a party to make "general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). It is not for the Court to "agoniz[e] over whether a motion asserts a ground for relief included in Rule 60(b); it is the movant's task to make its contentions clear." *Id.* at 302.

As an initial matter, the Court notes that Plaintiff filed his Motion for Reconsideration on the same day that he filed a notice of appeal. An ongoing appeal limits the District Court's jurisdiction over a case. Despite the limitations, Federal Rule of Appellate Procedure 4(a)(4)(A) provides, "if a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered. FED. R. APP. P. 4(a)(4)(B)(i). Among others, Rule 4(a)(4)(A) includes motions brought under Rules 59(e) or Rule 60(b). Thus, under Rule 4(a)(4)(B)(i), this Court retains jurisdiction to decide the motion for reconsideration because plaintiff's notice of appeal will not take effect until the Court decides the motion to reconsider.

Plaintiff's Motion to Reconsider does not warrant relief because he simply asks the Court to reconsider facts and legal arguments that he already presented in his original filings. Although Plaintiff did not specifically include his own affidavit with the Complaint, the allegations in the new affidavit are identical to the information presented in the complaint. As to the inmate-witness's affidavit—that affidavit was included with the original complaint. Plaintiff's case was not dismissed for failure to state a claim because inmates have no right to present witnesses at disciplinary proceedings. Plaintiff is correct that the law calls for an opportunity to present witnesses at a disciplinary proceeding. However, there is more than one component to a successful constitutional claim about a disciplinary proceeding. In Plaintiff's case, he did not satisfy the requirement that he show the loss of a liberty interest. Plaintiff does not present anything

contesting this aspect of the dismissal of his case. Accordingly, the Court denies Plaintiff's motion because it does not warrant relief.

**IT IS SO ORDERED.**

Dated: February 23, 2022

_____
DAVID W. DUGAN
United States District Judge